M'GEE *vs* ANDREW and WILEY EASTIS.

1. Mere objection to the interest of a witness in the *subject matter* of an action, will not render him *incompetent*—he not being interested in the *event* of the suit.

2. In an action of trespass to try titles, by a purchaser at a sheriff's sale, against tenants upon the premises, one of whom is the defendant in the execution, under which the purchase is made—a vendee to whom the defendant in execution has conveyed the premises, is a *competent* witness, on the part of the defendants, to prove that they are tenants under him.

3. In a case where land is purchased at a sheriff's sale, as the property of a defendant in execution, who, together with *a stranger to the execution*, are in possession, and trespass to try title is brought by the purchaser, against the latter, the doctrine of estoppel does not apply, and the defendants, in the absence of fraud, may set up an out-standing title, by giving in evidence, a deed made to a vendee, by the defendant in execution, (before the judgment against him;) and thus, show that they are tenants under the prior purchaser.

4. Where a title is obtained by a vendor, to premises sold, after his sale and conveyance, such title vests *eo instanti* in his vendee, and will inure to the use and benefit of the latter.

In this case, Ralph M'Gee sued out a writ in trespass to try titles, against Andrew Eastis, and Wiley Eastis, in the Circuit Court of Jefferson.

The defendants plead not guilty, and on issue thereto, verdict and judgment were rendered for the defendants. During the progress of the trial below, the plaintiff filed a bill of exceptions to the opinion of the Court, on sundry points; and under those exceptions, he prosecuted a writ of error.

In support of his title to the premises in controver-

sy, the plaintiff produced, and read in evidence, an exemplication of a judgment rendered at the October term, one thousand eight hundred and twenty-six, of the Circuit Court of Tuskaloosa, in favor of the Bank of Alabama, against Michael Beam and Andrew Eastis; and also an execution issued thereon, under which a sale of the premises had been effected, and a title deed made to the plaintiff, as the purchaser—which title deed was also read in evidence.

To the reading of this deed, however, the defendants, by their counsel, objected, because it did not appear, except in the recital of the deed, that the sheriff had made the usual advertisement.

The plaintiff then proved that the defendants were in possession, at the time of action commenced; and established the value of the rents.

The defendants relied on a title to the premises, in one William Eastis, and to that end, produced a deed, duly recorded, for the land in question, executed by Andrew Eastis, one of the defendants, to the said William Eastis, on the seventh of November, one thousand eight hundred and twenty-five : to the reading of which the plaintiff objected, but which objection was overruled, and the deed permitted to be received as testimony.

The defendants then proposed to prove, by the said William Eastis, that they were in possession of the land, as tenants under him, from the date of the said deed, until after the commencement of the suit. The plaintiff objected to the said William Eastis being sworn, as a witness, on the ground of interest;

but the Court did not sustain the objection, and William Eastis gave testimony,

The plaintiff proved, that the said Andrew Eastis purchased the premises in question of one William Johnson, in the year one thousand eight hundred and twenty-two, and took the bond of the latter, for title: that some time thereafter, Johnson being deceased, to wit, on the third Monday in November, one thousand eight hundred and twenty-six, the defendant, Andrew Eastis, obtained an order or decree from the Orphans' Court of Jefferson County, whereby the administrators of the said Johnson were required to convey to said Andrew Eastis, the premises in question, which was done accordingly— said deed of conveyance being executed, in pursuance of the decree, on the thirteenth day of December, one thousand eight hundred and twenty-six.

In reference to this evidence, the Court charged the jury—that if there were no fraud, the title conveyed to Andrew Eastis, by the administrators, on the thirteenth day of December, one thousand eight hundred and twenty-six, by relation back to the said deed which Andrew Eastis had made, to the said William Eastis, in the year one thousand eight hundred and twenty-five, *eo instanti*, vested in William Eastis; and therefore the plaintiff could not recover.

The plaintiff here assigned for error—

*First*—That the Court below permitted the defendants to read in evidence the deed from Andrew to William Eastis, for the purpose of shewing title in the same William Eastis.

*Secondly*—That the Court below suffered the de-

fendants to prove, by the said William Eastis, that they were in possession of the premises in question, as tenants under him, from the date of the deed mentioned in the first assignment.

*Thirdly*—That the Court made the charge, set out in the exceptions.

And it was said, for the plaintiff in error—

1st. That it was settled, that a defendant in execution could not set up a title in a third person, and in that way defeat or dispute the purchaser's title.— That a defendant in execution, holds as *quasi* tenant to the purchaser.—3d Caine's Reps. 188 ; 10 Johns. 223. That a sheriff's deed is *per se* evidence of title, and can not be disputed by the defendant in execution.—20 Johns. 49.

2dly. That the admission of William Eastis, to testify in the cause, was error, because he was a party in interest.—That he was interested in the possession of his tenants; and support of his own title.

3dly. That the charge of the Court was error, because, by no possibility, could the doctrine of relation be made to operate to the prejudice of the plaintiff.—3 Thomas's Co. 431–2. That it could not operate by way of estoppel, for estoppel must be reciprocal, and can only act between parties and privies: that the plaintiff in execution was a stranger to the deed made to William Eastis, and so, no estoppel operated as to him ; and so, as to a purchase under his execution. That, supposing William Eastis testified to the truth, then the defendants were tenants in common for years; and that was an interest which could be recovered in this action ; and, if so, plain-

tiff had a right to recover, as against Andrew Eastis, at least, *his* possession: therefore, Andrew Eastis could not gainsay plaintiff's title, to that much.

But it was contended *e converso*, for defendants—

1st. That plaintiff was bound to shew a good title in himself—he only being allowed to recover on the strength of his own title; and that possession gives right against all the world, except the rightful owner.—2 Wheat. Selw. 514; Adams on Eject. 32. That an exception to this rule, in the case of a defendant in execution, might be good, if Andrew Eastis were the only defendant. But here, there was a co-defendant—a stranger to the execution, and surely he could show an out-standing title. That the objection to the deed, therefore, was too broad, because it was, at least, evidence for one of the defendants.

2dly. That William Eastis was not interested in the event of the suit, for the record could not be used, under any circumstances to the benefit or prejudice of the witness.—5 Johns. 256.

3dly. That, as to the doctrine of relation, the inquiry was, what interest in the premises, had Andrew Eastis, at the time they were purchased by the plaintiff in this action. That, as the plaintiff bought the interest, alone, of Andrew Eastis, in the premises, it followed, if Andrew had none, the plaintiff could take none: and *caveat emptor* applied. That the bare possessory interest of Andrew Eastis could not be sold—becsuse, if the plaintiff recovered, the writ of *habere facias possessionem*, would go for the whole land; which would operate to the injury of the *stranger* tenant, Wiley Eastis.

Argued by *Peck*, for the plaintiff in error—
*Ellis*, contra.

SAFFOLD, J.—The action was trespass, under the statute to try titles, &c. The plaintiff in error having been plaintiff below, a verdict and judgment were there given against him. On the trial he took a bill of exceptions, which discloses the following facts.

The plaintiff produced in evidence, an exemplification of a judgment in favor of the Bank of Alabama, against the defendant, Andrew Eastis, and one Michael Beams, rendered at the October Term, one thousand eight hundred and twenty-six, of Tuskaloosa Circuit Court; also, an execution issued on said judgment, to the sheriff of Jefferson County, where the land lies, and a return by the sheriff, shewing a levy on the premises, and a sale thereof to the plaintiff.

He then produced, and read to the jnry, the sheriff's deed, in due form—proved the defendants in possession, at the commencement of the suit, and the yearly value of the premises, and there rested.

The defendants, to show title in one William Eastis, produced and proved a deed, duly recorded, of the premises in question, made by Andrew Eastis to the said William Eastis, dated the seventh November, one thousand eight hundred and twenty-five.

To the reading of this deed, for the purpose mentioned, the plaintiff objected, but the objection was overruled, and the deed received as evidence. The defendants then offered the said William Eastis, as a witness, to prove that they were in possession of

the premises, as tenants under him, from the date of his deed, until after the commencement of this suit. To the competency of this witness the plaintiff objected, on the ground of his interest; but the testimony was received.

The plaintiff then proved, that the defendant, Andrew Eastis, purchased the premises in question, of one William Johnson, in the year one thousand eight hundred and twenty-two, and took from him a bond, for titles, when the purchase money should be paid. He further proved, that, after the death of said Johnson, in November, one thousand eight hundred and twenty-six, the defendant, Andrew Eastis, obtained an order or decree from the County Court, against the administrators of Johnson, decreeing that they should convey the title to the premises in question to him, Andrew Eastis, and that the deed was accordingly made, in December, one thousand eight hundred and twenty-six.

On this evidence, the Circuit judge instructed the jury, that *if there was no fraud* in the transaction the title conveyed to Andrew Eastis, by the administrators, in December, one thousand eight hundred and twenty-six, by relation back, to the deed which he had made to William Eastis, in one thousand eight hundred and twenty-five, *eo instanti* vested in the latter; and, therefore, the plaintiff could not recover in this action. To all which the plaintiff excepted.

The plaintiff now assigns for error, the following causes :

*First*—That the Court permitted the defendants to read in evidence, the deed from Andrew to William Eastis.

*Secondly*—In admitting William Eastis, as a witness, to prove that the defendants held as tenants, under him.

*Thirdly*—That the charge to the jury, as above stated, was erroneous.

1. The question presented by the first assignment, is necessarily embraced by the third, so that the former may be deferred, and examined in conjunction with the latter.

2. As respects the second assignment, it is sufficient to say, that, though the witness was interested in the *subject matter* of the suit, that did not render him incompetent, unless he was interessed in the *event* of the suit; or, unless the judgment to be rendered, would have been evidence for or against him in some other suit. The direct interest does not appear, if it could otherwise be supposed to exist; yet, in as much as it does not appear, but that the defendants may have held under the witness, as tenants at will, or for a term of years, which had expired before the trial, this consideration, at least, removes the objection of interest; and it is sufficiently clear, that no judgment which could have been rendered in this cause, would be evidence, either for or against the witness, in any other suit.

The objection could only go to his credibility.— *Stewart* vs *Kip*[a]                                    [a]5Johns.R. 256.

3. The third assignment presents the only difficulty—that is, whether the facts in evidence, in the absence of *fraud*, entitled the plaintiff, or the defendants, to a verdict?

The principle, as a general rule, is not contested,

5 s. & p.                      55

that a defendant in an action of this kind, is at liberty to prove an out-standinging title in a third person, and thereby defeat the plaintiff's right of recovery. But, it is contended, there is an exception in the case of a defendant, as whose property the premises have been sold, under execution : that neither one, in that situation, nor his co-defendant, standing in a different relation, can avail himself of that defence.

*3 Caine's Rep. 188.*    The case of *Jackson, ex dem. Klien,* vs *Graham,*[a] which is relied on by the plaintiff's counsel, would appear to sustain his position, if it has a just application to the facts of this case. The plaintiff claimed under the sheriff's deed. The defendant was proved to have been the defendant in the execution, under which the sale had been made, and to have been in possession of the premises, at the date of the judgment, and at the time of the trial.

To rebut this testimony, the defendant offered to prove, that one Day was the real owner of the land, by virtue of a conveyance, duly executed by himself and wife, to Day, previous to the judgment: that the plaintiff had due notice of the conveyance, at the time of his purchase; and that there was a verbal agreement between the parties, to try the title of Day, alone. This evidence having been rejected, the rejection of it was the subject of revision, in the Supreme Court. There, the testimony was adjudged inadmissible; and it was held, that such plaintiff comes into exactly such estate as the debtor had; and if it were a tenancy, the plaintiff would be tenant also, and estopped in a suit by the landlord, from disputing his right, in the same manner as the original tenant: that the latter be-

comes *quasi* tenant at will, to the purchaser, and it was not to be presumed he held adversely.

To test the effect, in this case, of the principle there recognised, it must be observed, that in the case referred to, the defendant in the execution was the sole defendant in the ejectment; that it appeared he was in possession, not only at the date of the judgment, but also at the time of the trial; and that he was denied the privilege of setting up an outstanding title, on the ground of his constructive tenancy under the plaintiff, and the legal presumption, in all such cases, that he did not hold adversely; and was, therefore estopped from introducing evidence, that be did.

The case of *Kane* vs *Sternberg*,[a] was mainly relied upon by the Court, as authority for the subsequent decision already noticed. It is true, in that case, that the Court maintained the principle, that after a sale of lands, by the sheriff, under a *fi. fa.*, the defendant becomes *quasi* a tenant at will to the purchaser, and his possession is not deemed adverse, until an actual dissesin, or disclaimer, on the part of the defendant.

But, it is worthy of notice, that the facts in that case, were so far different from those in *Klien* vs *Graham*, that the same principle is not necessarily applicable to both. In the former the defendant did not attempt to set up an out-standing title, in any other than the plaintiff or his trustee, or to assert title in himself. The purchase at the sheriff's sale, not having been made by the plaintiff, in person, but by one Cox, as his trustee, under a parol appointment, and he having immediately conveyed to the

*a* 1 Johns. C. 152.

plaintiffs, the question raised was, whether parol proof of the trust in Cox, could be admitted, and whether the possession of the defendant ought not to have been considered adverse, and the conveyance by Cox, therefore, void. But, the Court held, that Cox being a mere trustee, his possession was, in fact the possession of the plaintiff; and that this consideration, alone, was an answer to the argument founded on the idea of adverse possession.

Thus it appears, that the application of the doctrine of tenancy, in the leading case, was different from that in the case of *Klien* vs *Graham:* and so far as the difference may be found material, they both differed from the one under consideration, as respects the defendants' possession, at the time of the *trial.* In those, the records showed, that the possession of the defendants continued down to the time of the trials: in this, it does not appear that the defendants remained in possession, after the institution of the suit.

From the argument of counsel, which seems to have prevailed, in the case of *Klien* vs *Graham,* and the language of the Court, this continued possession by the defendant in the execution, appears to have been considered material. There, the plaintiff's counsel insisted, that the defendant must have had some right to the land, for he was in possession; that at least, the emblements were the defendant's, and to these the plaintiff was entitled, as well as to six months' notice to quit.

The Court, in sustaining the objection made to the admission of evidence, shewing an out-standing title, briefly remarked, in effect, that the defendant's

interest having been sold, under execution, to permit the purchaser to recover it, could not prejudice the rights of any other true proprietor.

From this examination of that case, it obviously appears, that the plaintiff's right to recover, was sustained alone on the presumption of some legal interest in the defendant, arising from the fact of his possession; and from his constructive relation, of tenant to the purchaser, which estopped him from introducing evidence to the contrary. In this view of the case, it would seem to follow, that this presumption of right could exist so long only as the possession, which was the evidence of it, continued.

This may have been the supposed necessity, in the two cases referred to from New York, of proving the continued possession of the defendant in the execution, until the time of the trial—and, thereby, creating the presumption, that his tenancy, or other interest, was to endure longer.

On this principle alone, could the well established rule have been preserved, that a plaintiff must recover on the strength of his own title, and that it must, *prima facie* be a legal interest.

As respects the right of a tenant to notice to quit, it is sufficient, on the present occasion, to remark, that, according to the modern doctrine, tenancies at will can only be created between individuals, by express grant or contract; and that all general tenancies, are, constructively, tenancies from year to year.[a]

[a] 4 Kent's C 210.

The same learned commentator further says— " The tenancy can not be determined, except at the end of the year." That " the English rule of six

months' notice, prevails in New York; but there is a variation of the rule, or perhaps no established rule on the subject, in other parts of the United States."

He maintains, however, that where neither custom nor the particular agreement, has fixed the time, *reasonable* notice under the circumstances, should be given, and that the term would not necessarily be the same to a tenant of a house, and a tenant of a farm.[a]

.4 Kent's C 111, note *a*, 112.

The term of six months notice not having been established in this State, if the right to it in New York had any influence on the case of *Klien* vs *Graham*, it has not necessarily the same here.

Another case was cited in argument, in favor of the conclusive effect of a sheriff's title. It was the case of *Jackson* vs *Sternberg*.[b] Of this, it is sufficient to say, the opinion of the Court declared that a sheriff's deed was *per se* evidence of title in the grantee: and that parol evidence was inadmissible, to contradict the recital, or to show that the land was sold under a different execution and judgment, than those recited in it. But, it was also said, that such evidence would be admissible to show a fraud in the sale; and it is quite clear, that by the above assertion of title in the grantee, is only meant such title as resided in the defendant in the execution, and whenever it can be legally shewn, that he had none, no benefit can be derived from the purchase.

[b] 20 Johns. Rep. 49.

The notice I have taken of the cases referred to, has not been done from an impression, that they necessarily govern the present, if their authority be admitted; nor for the purpose of rejecting their authority; but to show how they must be understood, to

be reconcileable with the general law, regulating
real estates—particularly the rule, that a plaintiff can
only recover on the strength of his own legal title,
either absolute or limited—that these cases have
been carried, at least, to the utmost legal extent,
and that it would be unsafe and unwarranted, so to
extend the principle, as to embrace the case before
us, because of the difference in the state of facts—
which difference mainly is, that here is a *co-defendant*,
who was subject to no estoppel — that there was
proof of an out-standing title, and that both defen-
dants had held under that alone.   Also, that it does
not appear here, that the defendant in execution con-
tinued in possession for any term of time, after the
institution of this suit, so as to continue the presump-
tion of right in him, barely from his naked posses-
sion, as in the other cases.

The authority referred to in *Tho. Coke*, (431,) that
every estoppel ought to be reciprocal—that is, to
bind both parties ; and the reason assigned for it—
that a stranger should neither take advantage of,
nor be bound by it—does not prejudice this defence.
It is conceived rather to strengthen it, in as much as
the estoppel did not apply to one of the defendants;
and the evidence which he had a right to introduce,
destroyed the plaintiff's right, independent of any
merit in the defendent in the execution, or the de-
fence, so far as he was concerned.

I am, therefore of opinion, that the doctrine of es-
toppel is not conclusive in this case, and that the
right of the plaintiff to recover, depended on the le-
gality of the out-standing title, to establish which,

the evidence was introduced.    On this point there is
conceived to be but little difficulty.

The question of *fraud* was submitted exclusively
to the jury; and the only remaining question is, as
to the effect of the conveyance from the administra-
tors of Johnson to Andrew Eastis, after the latter
had conveyed to William Eastis—Whether or not,
the conveyance to the former, under the circumstan-
ces, inures to the benefit of the latter.

2 Lit. 390.    The case of *Aldridge* vs *Kincaid*,[a] is fully in point.
It was there ruled, that a title acquired by a vendor
of land, subsequent to his sale and conveyance, will
inure to the use of his vendee; and that, for the be-
nefit of the vendee, will every deed which he may
take after such sale and conveyance, be construed
to have been taken by him.

As this is believed to be the current doctrine, in the
United States and in England— and it could be
shewn by various authorities—and, as it was not
particularly contested in argument, I decline a fur-
ther investigation of it; but assume the principle.

A consequence of these views is, that the judgment
below must be affirmed.    In this opinion, the Court
are unanimous.